IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WORLD FUEL SERVICES ERUROPE, LTD., d/b/a TRANS-TEC, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CIVIL ACTION NO. 15-376-CG-M ) |
| THORESEN SHIPPING SINGAPORE PRIVATE LTD., | ) ) ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant's motion for relief pursuant to Supplemental Admiralty Rules E(4)(f) and E(2)(b) (Doc. 22), Plaintiff's response thereto (Doc. 24), Defendant's reply (Doc. 25), and Plaintiff's sur-reply (Doc. 26). A hearing was held on Plaintiff's motion for relief on November 18, 2015. After considering the arguments of both parties, the Court finds the Court lacks personal jurisdiction over the Defendant. Accordingly, Defendant's motion for relief is due to be granted to the extent that the action should be dismissed.

## BACKGROUND

Plaintiff World Fuel Services Europe, Ltd. ("World Fuel Services") commenced this case on July 28, 2015, by filing a verified complaint against Defendant, Thoresen Shipping Singapore Private Ltd. ("Thoresen") asserting an in personam claim for breach of a maritime contract for the provision of fuel oil and gas oil to a vessel owned by Thoresen, named the Thor Endeavour. (Doc. 1). The

verified complaint states that "World Fuel Services filed an action for arrest of the Thor Endeavor in Belgium, alleging a maritime claim and the vessel owner posted security covering a judgment against the owner or its charter, Denmar Chartering & Trading GmbH." (Doc. 1, ¶ 22).  The verified complaint seeks a Rule B attachment "only to obtain service and personal jurisdiction over the Defendant for the determination of Plaintiff's claim on its merit and not to obtain further security for the claims referenced." (Doc. 1, ¶ 23).  World Fuel Services moved for a writ of attachment of the Thor Endeavor pursuant to Supplemental Rule B(1) and further requested that upon attachment, the vessel be immediately released, "as no further security for Plaintiff's claims is required."  (Doc. 3, p. 3).  A warrant for process of attachment and subsequent release of vessel was issued and it was carried out on July 29, 2015. (Docs. 4-6).

On August 28, 2015, Thoresen filed an answer to the complaint noting that its appearance was a "restricted appearance pursuant to Supplemental Admiralty Rule E(8)." (Doc. 10, p. 1).  The Answer included fourteen defenses including that "the process by which Plaintiff seeks to serve Thoresen is insufficient as a matter of law, and the service of process upon Thoresen is likewise insufficient." (Doc. 10).  Thoresen participated in pretrial activities in this matter to the extent that, on October 9, 2015, it filed a Report of Parties' planning meeting pursuant to FED. R. CIV. P. 26(f) which included its brief narrative statement of the facts and defenses, including affirmative defenses, given what is known about the case at that time. (Doc. 15).  In its narrative, Thoresen asserted that when the fuel was provided, the

vessel was under a time charter with Maritima Allied Pte Litd, not Denmar and that Denmar had no contractual privity with Thoresen. (Doc. 15, p. 2).  Thoresen did not mention in its 26(f) report narrative that it believed service of process was insufficient or that the release of the vessel resulted in this Court lacking personal jurisdiction over Thoresen.

On November 3, 2015, Thoresen filed the current motion, requesting relief pursuant to Supplemental Admiralty Rules E(4)(f) and E(2)(b).  A hearing was held on November 18, 2015 at which both parties presented argument.

## DISCUSSION

Thoresen asks that World Fuel Services be required to post security in the amount of $500 pursuant to Supplemental Rule E(2)(b) and Local Admiralty Rule 104(g).  Rule E(2)(b) provides the following:

> **(b) Security for Costs**. Subject to the provisions of Rule 54(d) and of relevant statutes, the court may, on the filing of the complaint or on the appearance of any defendant, claimant, or any other party, or at any later time, require the plaintiff, defendant, claimant, or other party to give security, or additional security, in such sum as the court shall direct to pay all costs and expenses that shall be awarded against the party by any interlocutory order or by the final judgment, or on appeal by any appellate court.

Supplemental Admiralty Rules E(2)(b), 28 U.S.C.A.  "Pursuant to Supplemental Rule E(2)(b), the trial court has broad discretion to order a party to post security for costs." Result Shipping Co. v. Ferruzzi Trading USA Inc., 56 F.3d 394, 401 (2d Cir. 1995).  "Rule E(2)(b) gives the court power to require security for costs and expenses to be posted by the party initiating the in rem seizure to protect parties affected by

the seizure." <u>Merchants Nat. Bank of Mobile v. Dredge Gen. G. L. Gillespie</u>, 663

F.2d 1338, 1344 (5th Cir. 1981).  "[A]n attaching plaintiff may be required to post

security under Supplemental Rule E(2)(b) only for a very limited range of costs in

connection with the attachment" which may include security to cover the premium

for bonds obtained to release an attachment. <u>Result Shipping Co.</u>, 56 F.3d at 401-

402.  However, in this case, the vessel was released immediately after seizure and

there was no bond posted by Thoresen to obtain release of the vessel.  Thoresen has

not reported that it has or will incur any costs in connection with the attachment.

Accordingly, the Court finds security by World Fuel Services to be unwarranted.

Thoresen's motion also seeks relief pursuant to Rule E(4)(f) which provides

the following:

> **(f) Procedure for Release From Arrest or Attachment**. Whenever
> property is arrested or attached, any person claiming an interest in it
> shall be entitled to a prompt hearing at which the plaintiff shall be
> required to show why the arrest or attachment should not be vacated
> or other relief granted consistent with these rules. This subdivision
> shall have no application to suits for seamen's wages when process is
> issued upon a certification of sufficient cause filed pursuant to Title 46,
> U.S.C. §§ 603 and 604 or to actions by the United States for forfeitures
> for violation of any statute of the United States.

Supplemental Admiralty Rules E(4)(f), 28 U.S.C.A.  This Court held a prompt

hearing pursuant to Thoresen's motion, but the relief Plaintiff seeks does not

appear to fall under the above provisions.  Thoresen's motion does not contend that

the attachment should be vacated.  Thoresen seeks a determination that under the

circumstances, this Court does not have *quasi in rem* jurisdiction and does not have

personal jurisdiction over Thoresen.  Thoresen argues that his motion falls under

the "other relief granted" portion of Rule E(4)(f).  The Court disagrees.  "The

purpose of the Rule E(4)(f) hearing is to afford due process to a shipowner whose

vessel has been arrested without the benefit of a post-arrest hearing." James v. M/V

EAGLE EXP., 2012 WL 3068791, at *3 (S.D. Ala. July 27, 2012) (citations and

internal quotations omitted).  The heading for Rule E(4)(f) clearly indicates that the

relief provided under the rule concerns the release from an arrest or attachment

and here, Thoresen is not seeking a release because there is no property to be

released.

However, the Court agrees with arguments by Thoresen's counsel at the

hearing that whether or not this Court has jurisdiction is a threshold issue that

should be addressed, regardless of the procedure by which it was raised.   A court is

obligated to dismiss an action against a defendant over which it has no personal

jurisdiction. Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n. 6 (11th Cir. 1999).  It

is unclear why Thoresen did not move for dismissal, rather than for Rule E(4)(f)

relief, but the Court finds it appropriate to address the jurisdictional issues

nonetheless.

A personal jurisdiction defense may be waived or forfeited by a defendant

that participated in pretrial proceedings but never moved to dismiss for lack of

personal jurisdiction.  Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 62 (2d Cir. 1999)

(citing Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168, 60 S.Ct. 153,

84 L.Ed. 167 (1939) (personal jurisdiction defense "may be lost by failure to assert it

seasonally"); Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993)

(personal jurisdiction defense lost where defendants "participated in lengthy discovery, filed various motions and opposed a number of motions" and "fully participated in litigation of the merits for over two-and-a-half years without actively contesting personal jurisdiction"). Here, Thoresen participated in limited pretrial proceedings and failed to move to dismiss. However, Thoresen's Answer stated that its appearance in this matter was restricted pursuant to Rule E(8). "Rule E(8) permits a claimant to appear for the restricted purpose of testing the arrest without submitting to the general jurisdiction of the court." Merchants Nat. Bank of Mobile v. Dredge Gen. G. L. Gillespie, 663 F.2d 1338, 1344 (5th Cir. 1981). "It is clear that a defendant or owner entering a restricted appearance to an *in rem* or *quasi in rem* maritime proceeding can vigorously defend the merits of the claim against him without converting his restricted appearance into a general appearance." British Marine PLC v. Aavanti Shipping & Chartering Ltd., 2014 WL 2475485, at *7 (E.D.N.Y. June 3, 2014) (quoting Teyseer Cement Co. v. Halla Mar. Corp., 794 F.2d 472, 478 (9th Cir. 1986)). Though Thoresen did not attempt to have its personal jurisdiction defense addressed at the earliest opportunity, this matter had been pending less than four months when Thorsen filed the current motion and moved for relief based on the alleged lack of personal jurisdiction. As such, and in light of the fact that Thoresen entered a restricted appearance in the matter, the Court finds Thoresen did not waive or forfeit its personal jurisdiction defense.

Accordingly, the Court turns to the issue of whether the attachment in this case provides the Court with jurisdiction over Thoresen even though the vessel was

immediately released after the attachment without the provision of any security in this district. "An attachment issued under Rule B is a quasi in rem proceeding which permits the assertion of jurisdiction over a defendant's property located within the district even though the court has no in personam jurisdiction over the defendant." <u>Transamerica Leasing Inc. v. Amazonica</u>, 1997 WL 834554, at *2 (S.D. Ala. June 26, 1997) (citation omitted).   To secure a writ of attachment a plaintiff must meet four prerequisites:

> (1) the plaintiff has an in personam claim against the defendant; (2) the defendant cannot be found within the district where the action is commenced; (3) property belonging to the defendant is present, or soon will be present, in the district; and (4) there is no statutory or general maritime law proscription to the attachment.

<u>Id.</u> (citations omitted). "When a defendant challenges the validity of an attachment, the burden is on the plaintiff to prove there was reasonable grounds for issuing the writ." <u>Id.</u> (citing <u>Salazar v. Atlantic Sun</u>, 881 F.2d 73, 79 (3rd Cir.1989)). "In making its determination on this issue, the Court's inquiry must focus on the facts known at the time of the attachment." <u>Id.</u> (citation omitted).

In the instant case, the Court finds that the writ of attachment was validly issued. Although Thoresen argues that World Fuel Services has not established that Denmar was the express or apparent agent of Thoresen and therefore has not shown a *prima facie* case, the Court disagrees. "The post-arrest hearing is not intended to resolve definitively the dispute between the parties, but only to make a preliminary determination whether there were reasonable grounds for issuing the arrest warrant, and if so, to fix an appropriate bond." <u>Salazar</u>, 881 F.2d at 79-80. In

this case, the Court finds that World Fuel Services has met its burden of showing

reasonable grounds for issuing the writ.

The question remains: did the immediate release of the vessel divest this

Court of jurisdiction over Thoresen.  As stated above, in a Rule B attachment

proceeding, a court's jurisdiction is quasi-in-rem.  Jurisdiction is "predicated upon

the presence of the defendants' property within this Court's territorial reach."

British Marine PLC, 2014 WL 2475485, at *7.

> Indeed, the requirement of Supplemental Rule B(1) (a) that a
> defendant not be "found" within the District "contemplates that a court
> will lack in personam jurisdiction over the defendant when it orders
> that a writ of attachment be issued." [Shipping Corp. of India Ltd. v.
> Jaldhi Overseas Pte Ltd., 585 F.3d 58, 69 n. 12 (2d Cir. 2009).] "In such
> a proceeding, the court's coercive authority is coterminous with the
> scope of its jurisdiction, and limited to the extent of the defendant's
> interest in the attached property; that authority does not extend to the
> exercise of in personam jurisdiction over a Rule B defendant." Id.

British Marine PLC, 2014 WL 2475485, at *7.  "When the sole basis of jurisdiction

over a defendant is quasi in rem, the court derives its jurisdiction over the

defendant solely from its authority over the attached property or its substitute

security." Teyseer, 794 F.2d at 477.  "Limited jurisdiction over the vessel owner may

be acquired by the seizure of his assets, in which event, "the in personam action

takes on characteristics of an action in rem, and with respect to consequences of

release of the security, is guided by in rem precedents." Id.  "Once that property or

its substitute security is released, the court has no jurisdiction over the defendant."

Id.  "The Teyseer court noted that 'when the defendant has been served with process

or has entered a general appearance, the presence or absence of the attached

8

property is irrelevant to the question of the court's personal jurisdiction over the defendant.' " <u>Trans-Asiatic Oil Ltd., S.A. v. Apex Oil Co.</u>, 804 F.2d 773, 782 n. 7 (1st Cir. 1986) (citations omitted).   "Indeed, some of the authorities cited in <u>Teyseer</u>, which characterize the B(1) proceeding as *quasi in rem*, acknowledge that such characterization may be inappropriate when the defendant has made an appearance." <u>Id.</u> (citations omitted).  However, where, as in this case, the defendant has filed a restricted appearance asserting the defense of personal jurisdiction, the release of the property without any substitute security results in this Court losing jurisdiction over Thoresen.

World Fuel Services contends that it does not need substitute security because security covering a judgment against the owner or its charter was posted in Belgium after the vessel was arrested in Belgium.   However, World Fuel Services has not shown how Thoresen's posting of substitute security in Belgium provides this Court with personal jurisdiction over Thoresen here.  Personal jurisdiction over the vessel owner from a Rule B attachment arises from the presence of attached property.  Since neither the vessel nor the security is present in this district, this Court does not have personal jurisdiction over Thoresen.

World Fuel Services also cites cases that involve the appeal of a forfeiture or admiralty action.  When a case in on appeal, "[w]hether the subsequent departure of the *res* from a district in which it was originally present thereby deprives the court of jurisdiction is a question that is not entirely settled." <u>World Wide Supply OU v. Quail Cruises Ship Mgmt.</u>, 802 F.3d 1255, 1260 (11th Cir. 2015).  As the World

Wide Supply Court explained:

> Generally, however, "[s]tasis is not a ... prerequisite to the
> maintenance of jurisdiction. Jurisdiction over the person survives a
> change in circumstances...." <u>Republic Nat'l Bank of Miami v. United
> States</u>, 506 U.S. 80, 88, 113 S.Ct. 554, 121 L.Ed.2d 474 (1992). Noting
> that a civil forfeiture proceeding under 21 U.S.C. § 881 should
> "conform as near as may be to proceedings in admiralty," the Supreme
> Court has held that an appeal in an *in rem* forfeiture action is not
> mooted, and "the Court of Appeals is not divested of jurisdiction, by the
> prevailing party's transfer of the res from the district." <u>Id.</u> at 84, 88–
> 89, 113 S.Ct. 554. Other circuits have applied this holding to Rule B
> attachments, determining that the departure of the attached *res* does
> not destroy jurisdiction. *See* <u>Stevedoring Servs. of Am. v. Ancora
> Transp., N.V.</u>, 59 F.3d 879, 882 (9th Cir.1995) ("We read ... the Court's
> holding to eliminate any requirement on a party seeking to institute a
> maritime attachment to obtain a stay or post a supersedeas bond to
> preserve the district court's jurisdiction over the garnished funds while
> it appealed the release of the garnished funds."); <u>Vitol, S.A. v.
> Primerose Shipping Co., Ltd.</u>, 708 F.3d 527, 540–41 (4th Cir.2013)
> (same); *see also* 2 Thomas J. Schoenbaum, Admiralty and Maritime
> Law § 21–2, at 521 (5th ed. 2011) ("Even if the *res* is released [in a
> Rule B attachment action], the court retains jurisdiction.").

<u>World Wide Supply</u>, 802 F.3d at 1260.   The instant case is not analogous to the

above cases because this case is not on appeal after judgment.   An appellate court

may continue to have jurisdiction over the *res* even when the prevailing party has

transferred the *res* out of the jurisdiction.   However, the above cases do not hold

that jurisdiction can never be destroyed in an *in rem* or *quasi in rem* action once it

has been properly obtained.   See <u>United States v. $150,000.00 Res In Lieu Real

Prop. & Improvements Located at 2441 Mission St., San Francisco, California</u>, 2014

WL 6896287, at *5 (N.D. Cal. Dec. 8, 2014).   The Court is not aware of any cases

that have found personal jurisdiction continued to exist over a vessel owner where a

Rule B attachment was executed and the vessel was immediately released without

the posting of substitute security within the district.  The Court finds that World

Fuel Services has not met its burden of establishing that its catch and release of the

vessel vested this Court with continued jurisdiction over Thoresen.

### CONCLUSION

For the reasons stated above, the Defendant's motion for relief (Doc. 22), is

**GRANTED in part** to the extent that the Court concludes that this matter should

be dismissed for lack of personal jurisdiction over Defendant Thoresen Shipping

Singapore Private Ltd.  The motion is **DENIED** in all other respects.  This action is

hereby **DISMISSED**.

**DONE** and **ORDERED** this 18th day of December, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

11